UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL DAVIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00902-SEP |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

COME NOW Defendants City of St. Louis and Amon Figgs (collectively "Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 26(c), hereby move for an order to stay discovery to Defendants unless and until the Court rules on Defendants' pending motion to dismiss, and in support thereof state:

## Introduction and Procedural History

Plaintiff Wendell Davis ("Plaintiff") brings this action against Defendants, alleging damages arising from his arrest on August 31, 2017. (Doc. 1). Plaintiff brings two § 1983 claims against Figgs under the Fourth Amendment- one for excessive force (Count I), the other for unlawful seizure (Count II). Plaintiff also brings a § 1983 *Monell* claim against City for unlawful customs of use of excessive force and failure to train, supervise, and discipline. (Count III). Against both Defendants, Plaintiff brings claims under Missouri law for intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress. (Counts IV, V).

1

On November 4, 2022, Defendants filed their motion to dismiss Counts I (in part), III, IV & V. (Docs. 8, 9-1). The motion was fully briefed on December 22, 2022. (Doc. 20). To date, the Court has yet to rule on Defendants' motion to dismiss.

On March 16, 2023, Plaintiff propounded written discovery requests to Defendants, many of which pertain to claims currently under review. *See* Ex. A, B, C & D. This Court should stay any discovery from Plaintiff to Defendants that is the topic of their motion to dismiss because Defendants have shown a likelihood of success on the merits of their motion to dismiss, Defendants would experience hardship if discovery were not stayed, stay would not prejudice Plaintiff, and the conservation of judicial resources favors stay.

## Argument

"In resolving a motion to stay discovery pending disposition of a motion to dismiss, a court considers four factors, including: (1) whether the movant has a shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequality to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources. *Raimo v. Washington Univ. in St. Louis*, No. 4:20-CV-00634-SEP, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021), citing *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No., 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019). The decision to stay discovery is "generally practical and ... left largely to the court's discretion." *Id.*, quoting *Dufrene v. ConAgra Foods, Inc.*, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016).

First, Defendants have shown a likelihood of success on the merits of their dispositive motion. In evaluating the likelihood of success on the merits, Defendants must show "more than a mere possibility of success" on their motion to dismiss, but they are not required to demonstrate

2

that their motion to dismiss has a greater than fifty percent probability of succeeding. *Dixon v. Edward D. Jones & Co., L.P.*, 4:22-CV-00284-SEP, 2022 WL 4245423, at *2 (E.D. Mo. Sept. 15, 2022), citing *Physicians Home Health*, 2019 WL 4644021, at *3. Without repeating the arguments advanced in their motion to dismiss, Defendants have soundly argued that Defendant Figgs is entitled to qualified immunity as to the spiking of Plaintiff's vehicle where Plaintiff failed to allege that Figgs was personally involved in the spiking, and where it was not clearly established at the time that spiking Plaintiff's car was a seizure when Plaintiff fled after the spiking. (Doc. 9-1, at *3-8). Defendants have also soundly argued that Plaintiff failed to state a *Monell* claim against City in that the complaint fails to allege City has unconstitutional policies or customs with respect to excessive force, and fails to allege a claim against City for failure to train, supervise, and discipline. (Doc. 9-1, at *8-12). Defendants' motion further asserts that Plaintiff's state law claims against City are time-barred, and in any event, are barred by sovereign immunity. (Doc. 9-1, at *12-16). The motion to dismiss raises arguments that are colorable and have "more than the mere possibility of success." *Dixon*, 4:22-CV-00284-SEP, 2022 WL 4245423, at *3, citing *Physicians Home Health*, 2019 WL 4644021, at *3. Thus, this prong leans in favor of stay.

Second, hardship would result to Defendants if discovery were to proceed on claims under review in Defendants' motion to dismiss. Plaintiff's discovery to Defendants seek, amongst other things, documents related to any complaint lodged against any St. Louis Police Department employee from 2013-present (Ex. A, City RFP No. 10), any document relating to review of uses of force from 2013-present (Ex. A, City RFP No. 15), all documents relating to all internal investigations relating to uses of force within the past seven years (Ex. A, City RFP No. 32), all media related to every investigation undertaken by the Force Investigative Unit from its inception to the present (Ex. A, City RFP No. 22), the personnel file of every police officer whose

3

employment was terminated in the past seven years (Ex. A, City RFP No. 30), a statistical

breakdown of all arrestees and civilian complainants for two years preceding August 31, 2017 (Ex.

A, City RFP No. 35), and all documents providing rules, customs, or procedures for the use of

spike strips (Ex. A, City RFP No. 26). *See also*, Ex. A (Request Nos. 11, 23, 29, 31, 33, 34, 37,

40, 41), Ex. B (Request Nos. 14 & 15), Ex. D (Request Nos. 5, 9). Without waiving any objections

Defendants may assert to such requests, Defendants' hardship in responding to said requests is

obviously substantial, to include no-doubt hundreds of irrelevant complaints and investigative

files, resulting in the production of thousands upon thousands of documents, all while a real

possibility of dismissal looms.

Importantly, Plaintiff also propounded written discovery to Defendants, requesting,

amongst other things, information and documents pertaining to the spiking of Plaintiff's vehicle,

*see* Ex. A (Request Nos. 20 & 26), Ex. B (Request Nos. 6, 8, 9), Ex. C (Request Nos. 8 & 9) &

Ex. D (Request Nos. 5), for which Defendant Figgs has argued he is entitled to qualified immunity,

(Doc. 9-1, at *3-8). Qualified immunity is "*immunity from suit* rather than a mere defense to

liability." *Payton v. City of St. Louis*, 4:20-CV-00861-SEP, 2021 WL 1222427, at *4 (E.D. Mo.

Mar. 31, 2021), citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court and

Eighth Circuit "repeatedly have stressed the importance of resolving [qualified] immunity

questions at the earliest possible stage in litigation." *Id.*, citing *Hunter v. Bryant*, 502 U.S. 224,

227 (1991) (per curiam); *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007). Officials

can move for dismissal based on qualified immunity before or after discovery has been conducted,

and they are "entitled to a ruling." *Id.*, citing *Payne v. Britten*, 749 F.3d 697, 699 (8th Cir. 2014)

("When an official properly and timely files a motion for dismissal or for summary judgment

asserting qualified immunity, the official is entitled to a ruling on the issue of qualified

4

immunity."). If the Court were to grant Figgs qualified immunity on this point, any claim against Defendant City for spike strips would inevitably collapse, warranting any discovery on the matter an unnecessary hardship. *Burbridge v. City of St. Louis*, 430 F. Supp. 3d 595, 619 (E.D. Mo. 2019) (In "order for municipal liability to attach, individual liability first must be found on an underlying substantive claim."). Because qualified immunity should be resolved at the earliest possible stage of litigation, any discovery with respect to the spiking of Plaintiff's vehicle for which Figgs has argued he is entitled to qualified immunity is a hardship and should be stayed until this Court rules on that issue.

Third, there is no prejudice to Plaintiff if the matter is stayed, and the conservation of judicial resources favors stay. It is to Plaintiff's benefit not to expend energy and resources on claims this Court may dismiss anyway. Moreover, this case is relatively young so a stay of discovery would not prejudice Plaintiff at this point. Notably too, this request for stay is reasonably limited only to those claims under review in Defendants' motion to dismiss, so a grant of this motion to stay would permit Plaintiff's discovery requests which reasonably relate to Counts I (excessive force claim related to the shooting of Plaintiff) and II (unreasonable seizure claim related to the shooting of Plaintiff). Lastly, judicial resources are conserved by the Court first ruling on Defendants' motion to dismiss, or else the commencement of discovery on these points brings with it even more discovery and dispositive motions for this Court to consider.

WHEREFORE, Defendants ask that any discovery to City be stayed entirely unless and until this Court has determined that Plaintiff has stated a claim against City, and that discovery with respect to the spiking of Plaintiff's vehicle be stayed until the Court rules on whether Defendant Figgs is entitled to qualified immunity on this point.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

By: /s/ Abby Duncan
Abby Duncan, 67766(MO)
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri  63103
Phone: (314) 622-4694
DuncanA@stlouis-mo.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed on March 24, 2023 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Abby Duncan